■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE GLADSTONE, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chenango County (Ingraham, J.), rendered March 30, 1984, upon a verdict convicting defendant of the crimes of kidnapping in the second degree, criminal possession of a dangerous weapon in the third degree and criminal use of a firearm in the first degree.

At approximately 9:00 A.M. on Monday, April 25, 1983, defendant and her husband entered the Chenango County Office Building armed with shotgun and rifle, carrying four "Molotov cocktails" and other homemade bombs. They proceeded to the second floor and ordered individuals then present at the offices of the Chenango County Department of Social Services into a single room, where they held them hostage for the purpose of securing compliance with a series of demands which were delivered to police authorities. A declaration of protest for previous wrongs alleged to have been committed against them preceded the demands which included monetary compensation, a media interview and an opportunity to speak with President Ronald Regan, Governor Mario Cuomo, Senator Daniel Patrick Moynihan, Congressman Jack Kemp, Congressman Mario Biaggi, Assemblyman Clarence Rappleyea, Hugh Carey, Paul O'Dwyer, James Buckley, Frank Gifford, Bryant Gumbel, Dan Rather and Doris Day. A State Police negotiating team established headquarters in the building and maintained contact with defendant and her husband throughout the day. During the course of the

day, hostages were released in exchange for coffee and doughnuts, two dogs and a television interview. When the last hostage was released upon a grant of amnesty, defendant and her husband were taken into custody.

Defendant was thereafter indicted for 18 counts of kidnapping in the first degree, one count of kidnapping in the second degree, criminal possession of a dangerous weapon in the first degree and criminal use of a firearm in the first degree. At her trial, defendant did not deny her participation in the takeover, but raised the defense of lack of criminal responsibility due to mental disease or defect. The only expert evidence presented on this issue was from two psychiatrists who testified on her behalf, one of whom originally examined her at the request of the District Attorney. Both expert witnesses were cross-examined at length by the prosecutor as to the validity of their diagnoses.

The issues presented on this appeal are all related to the defense of lack of criminal responsibility and the expert psychiatric testimony in support thereof. First, defendant contends that the trial court unreasonably restricted her attorney's voir dire examination of prospective jurors, particularly as to their views regarding psychiatric testimony. We find this argument without merit. The trial court initially examined the jurors and then restricted questioning that was irrelevant or repetitious. We find no abuse of discretion on the part of the trial court, as is evidenced by a stenographic transcript of the voir dire examination by the court and both counsel (*see, People v Boulware,* 29 NY2d 135, 140, *cert denied* 405 US 995).

Next, defendant contends that the trial court erred in not directing a verdict for defendant since the People did not disprove defendant's insanity defense beyond a reasonable doubt. Although the District Attorney did not present expert psychiatric testimony on behalf of the People, the record demonstrates a valid basis for rejecting the psychiatric testimony. Accordingly, the proof offered by defendant, in the judgment of the jury, did not overcome the presumption of sanity (*see, People v Schiavi,* 99 AD2d 665, 666). Finally, we do not perceive the conduct of the District Attorney in his cross-examination of defendant's expert psychiatrists or his comments on the testimony in summation to rise to the level of misconduct, or that such conduct deprived defendant of a fair trial. We would further note that there was no objection to this cross-examination or the summation of the District Attorney during the course of the trial.

Judgment affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.